IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MATTHEW DAVID VETTERLY,           )
                                  )
              Plaintiff,          )
                                  )
       -vs-                       )          Civil Action No.   18-1662
                                  )
ANDREW M. SAUL,[1]                )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
              Defendant.          )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 12 and

14).   Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 15).   After

careful consideration of the submissions of the parties, and based on my Opinion set forth below,

I am denying Plaintiff's Motion for Summary Judgment (ECF No. 12) and granting Defendant's

Motion for Summary Judgment. (ECF No. 14).

## I.  BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social

Security denying his application for disability insurance benefits pursuant to the Social Security

Act.   Administrative Law Judge ("ALJ"), Daniel F. Cusick, held a hearing on December 1, 2017.

(ECF No. 8-3).   On February 6, 2018, the ALJ found that Plaintiff was not disabled under the Act.

(ECF No. 8-2, pp. 28-39).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court.

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14).   The issues

are now ripe for review.

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting
Commissioner, Nancy A. Berryhill.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

## B.    Weighing of Evidence

Plaintiff argues the ALJ erred by failing to give controlling weight to the exertional limitations identified by his treating physicians, Dr. Fuchs and Dr. Goltz. (ECF No. 13, pp. 3-5). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds

3

that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff submits that the ALJ erred in failing to follow the standard above and, specifically, in failing to consider the long treatment history between Plaintiff and Drs. Fuchs and

Goltz. (ECF No. 13, p. 4).    In accordance with the Regulations, an ALJ is charged with the responsibility of weighing all of the medical opinion evidence in determining whom to credit and he must explain his rationale for doing so.   *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence).   Here, I find the ALJ weighed all of the opinions in consideration with all of the evidence of record. *See,* ECF No. 8-2, pp. 16-31.

Moreover, the opinion of a treating physician need not be viewed uncritically.   As set forth above, when there are conflicting medical opinions, the ALJ may choose whom to credit.   *Becker,* 2010 WL 5078238 at *5; *Diaz*, 577 F.3d at 505.   I find the ALJ appropriately and specifically noted the treating relationship between Plaintiff and Drs. Fuchs and Goltz.   (ECF No. 8-2, p. 33). In fact, the ALJ did not reject these opinions in their entirely but gave them some weight.   *Id.* Thus, I find no merit to the assertion that the ALJ failed to give this fact due consideration.   After a review of the record, I find I am able to conduct a meaningful review and that the ALJ's assessment is sufficiently explained and supported by substantial evidence.   *Id.;* 20 C.F.R. §§ 416.927, 404.1527 (discussing the evaluation of medical opinions).   Thus, I find no error in this regard.   Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MATTHEW DAVID VETTERLY,              )
                                     )
                    Plaintiff,       )
                                     )
          -vs-                       )          Civil Action No.   18-1662
                                     )
ANDREW M. SAUL,[2]                   )
COMMISSIONER OF SOCIAL SECURITY,     )
                                     )
                    Defendant.       )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 24th day of February, 2020, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 12) is denied and Defendant's Motion for Summary Judgment (ECF No. 14) is granted.

BY THE COURT:

s/   Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[2] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.